**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4307**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BOBBY RAY CABE, JR.,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00405-CCE-1)

Submitted: January 31, 2017      Decided: February 2, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kimberly Furr Davis, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Cabe, Jr., pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 & 2 (2012). The district court sentenced him to 144 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the reasonableness of the sentence imposed. Although informed of his right to file a pro se supplemental brief, Cabe has declined to do so. We affirm.

We review Cabe's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th

2

Cir. 2014).  Cabe bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  Id.

The district court properly calculated Cabe's Guidelines range as 130-162 months, heard arguments from both parties, considered the sentencing factors of 18 U.S.C. § 3553(a), and explained its rationale for the sentence it imposed.  We conclude that the court adequately explained its reasons for the sentence imposed and for running the sentence consecutive to the state sentence that Cabe was serving.  Our review of the record reveals that the 144-month sentence is not unreasonable and not an abuse of discretion.  See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); see also Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Cabe's conviction and sentence.  This court requires that counsel inform Cabe, in writing, of his right to petition the Supreme Court of the United States for further review. If Cabe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cabe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED